# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAWLLY RISBERG,

        Plaintiff,

v.

Case No. 16-CV-1414-JPS

TYLER J. CLARINGBOLE,

        Defendant.

**ORDER**

On November 8, 2016, the defendant filed a motion to dismiss the plaintiff's complaint. (Docket #9). The plaintiff's response to the motion was due on or before November 29, 2016. *See* Civil L. R. 7(b). Today is December 8, 2016, and the Court has yet to receive the plaintiff's response. It will, therefore, treat the defendant's motion as unopposed.

The defendant's motion must be granted on the issue of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332(a).

The plaintiff has not properly invoked either form of jurisdiction. Her sole claim is that the defendant, an attorney in private practice, intentionally mailed documents containing her personal "W-2" information to incorrect addresses. (Docket #1 at 2-3). This claim implicates no federal law or the

United States Constitution, fails to even cite such laws.[1] Diversity is also lacking. The plaintiff pleads, and the defendant confirms, that they are both citizens of Wisconsin. (Docket #1 at 1-2 and #10 at 1, 3). The plaintiff's complaint must, therefore, be dismissed for want of jurisdiction.[2]

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss (Docket #9) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice.**

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] The Court references the Constitution specifically because it appears that the plaintiff believes that the defendant may have violated it in "retaliating" against her. If that is the plaintiff's belief (and the Court cannot be sure because she has filed no response), it is erroneous, because the defendant is not a state actor. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816 (7th Cir. 2009).

[2] The defendant's brief mentions that it would seek sanctions against the plaintiff for filing this action. (Docket #10). Even had they been requested by the date of this Order, they would not be granted. The plaintiff is a *pro se* litigant who may not understand the intricacies of federal jurisdiction. In any event, the defendant's recitation of the plaintiff's other litigation conduct reveals that it should seek any desired sanctions in state court, where most of the multitudinous actions have been filed, and not this Court.